# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

DAVID E. DEWBERRY,

    Plaintiff,                                        CASE NO: 06-CV-11683-BC

v.                                                DISTRICT JUDGE DAVID M. LAWSON
                                                      MAGISTRATE JUDGE CHARLES E. BINDER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

Because I conclude that Plaintiff's Complaint is barred by the running of the applicable statute of limitations, **IT IS RECOMMENDED** that Plaintiff's Complaint be *SUA SPONTE* **DISMISSED**.

**II.    REPORT**

Pursuant to 28 U.S.C. § 636(b)(1)(B), E.D. Mich. LR 72.1(b)(3), and by Notice of Reference, this case has been referred to this Magistrate Judge for the purpose of reviewing the Commissioner's decision denying Plaintiff's claim for social security benefits. Plaintiff's petition was filed April 7, 2006. Attached to Plaintiff's Petition is a document entitled "Action of Appeals Council on Request for Review" dated August 7, 2003. On May 8, 2006, Judge Lawson granted Plaintiff's application to proceed *in forma pauperis*. (Dkt. 5.)

The statute governing actions where a plaintiff has been granted *in forma pauperis* status, 28 U.S.C. § 1915, requires the Court to *sua sponte* review such a case and provides that "the court *shall* dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The Sixth Circuit has held that this review by the district court is mandatory and "must occur even before process is served or the individual has had an opportunity to amend the complaint." *McGore v. Wrigglesworth*, 114 F.3d 601, 608-609 (6th Cir. 1997) (specifically referencing 28 U.S.C. § 1915(e)(2)). *See also Wimberly v. Embridge*, 93 Fed. Appx. 22, 23 (6th Cir. 2004) (stating that, pursuant to 28 U.S.C. § 1915(e)(2), the district court had no discretion to permit the non-prisoner IFP plaintiff to amend the complaint which was subject to *sua sponte* dismissal as written); *Brewer v. Cleveland Municipal School District*, 84 Fed. Appx. 570, 572 (6th Cir. 2003) (same). ) "Even a *pro se* litigant, whether a plaintiff or defendant, is required to follow the law." *Williams v. Sears, Roebuck and Co.*, 143 F. Supp. 2d 941, 947 (W.D. Tenn. 2001). As the U.S. Supreme Court stated in *McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993), "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *Id.* at 113.

Section 405 of the Social Security Act provides in pertinent part as follows:

(g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a <u>civil action commenced within sixty days after the mailing to him of notice of such decision</u> or within such further time as the Commissioner of Social Security may allow. . . .

(h) The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. <u>No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided</u>. No action against the United States, the Commissioner of Social Security, or any

2

>officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 [the section of the Judicial Code defining the jurisdiction of the federal district courts] to recover on any claim arising under this subchapter.

42 U.S.C. § 405(g)(h) (emphasis added).

The Commissioner, in 20 C.F.R. § 422.210(c), has interpreted "mailing" as the date of receipt by the individual of the Appeals Council's notice of denial of request for review. By regulation, the Commissioner presumes this receipt to be five days after the date of the notice unless there is reasonable showing to the contrary. *Id.*

In *Weinberger v. Salfi*, 422 U.S. 749, 95 S. Ct. 2457, 45 L. Ed. 2d 522 (1975), the United States Supreme Court dealt with the statute of limitations contained in Section 405. There, the Supreme Court stated:

>Section 405(g) specifies the following requirements for judicial review: (1) a final decision of the Secretary made after a hearing; (2) commencement of a civil action within 60 days after the mailing of notice of such decision (or within such further time as the Secretary may allow); and (3) filing of the action in an appropriate district court, in general that of the plaintiff's residence or principal place of business. The second and third of these requirements specify, respectively, a statute of limitations and appropriate venue.

*Id.* at 763-64.

This language was reaffirmed by the court in *Mathews v. Eldridge*, 424 U.S. 319, 328 n.9, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). The purpose and construction of this statute are well explained in *Leslie v. Bowen*, 695 F. Supp. 504 (D. Kan. 1988).

>The 60-day filing period is a statute of limitations and not a jurisdictional bar. *Thibodeaux*, 819 F.2d at 79; *see Bowen v. City of New York*, 476 U.S. 467, 479, 106 S. Ct. 2022, 2029, 90 L. Ed. 2d 462 (1986). As it is a condition to the waiver of sovereign immunity, the 60-day filing requirement is strictly construed. *Bowen v. City of New York*, 476 U.S. at 479, 1206 S. Ct. at 2029. By this provision, Congress intended to facilitate the speedy resolution of cases in a bureaucracy processing millions of claims each year. *Id*. at 481, 106 S. Ct. at 2030.

*Id*. at 506.

3

I note that the Sixth Circuit has consistently upheld the application by a district court limitation period contained in 42 U.S.C. § 405(g).  *See Day v. Shalala*, 23 F.3d 1052, 1058 (6th Cir. 1994).  In other words, to timely appeal from the "Final Decision" sent to the court by Plaintiff, he had to have filed suit in this Court no later than late October 2003, almost 2 ½ years ago.  Accordingly, from review of Plaintiff's filings, I am constrained to suggest that he has failed to file suit within the explicit statute of limitations contained in 42 U.S.C. § 405, or to provide a "reasonable explanation" justifying a departure from the time limitations set forth in that statute.  On the record before me, I therefore suggest that dismissal is required.

### III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n. of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be concise, but commensurate in detail

with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

                                          s/ *Charles E. Binder*
                                          CHARLES E. BINDER
Dated: May 19, 2006                          United States Magistrate Judge

### **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date and served on David E. Dewberry and Honorable David M. Lawson in the traditional manner.

Dated: May 19, 2006                          By    s/Mary E. Dobbick
                                                                    Secretary to Magistrate Judge Binder